# Russell *v.* The State.

*Indictment for Retailing Liquor without License.*

1. *License for retailing liquors ; pre-requisites of, and power of probate judge in issuing.*—In issuing a license for retailing spirituous liquors, under the general statutes, a probate judge acts ministerially, and is bound to require a substantial compliance with all the precedent statutory conditions; and while the license itself is *prima facie* evidence of such compliance, the fact of non-compliance, when affirmatively shown, renders the license void; and its invalidity being thus shown, it affords no protection to the person to whom it was granted, and who has acted under it.

2. *Same; affidavit of applicant.*—The statutory affidavit required of a person applying for a license to retail spirituous liquors (Sess. Acts 1882–3, pp. 36–7), must state, among other things, that the applicant will not knowingly sell or give away vinous or spirituous liquors to any person of known intemperate habits, and will not keep his house open on Sunday for the purpose of carrying on the business; and if the affidavit omits these statements, it does not authorize the issue of a license, and the license itself is void.

FROM the Circuit Court of Bullock.

Tried before the Hon. H. D. CLAYTON.

The indictment in this case charged, in the first count, that the defendant, " not having first procured a license as a retailer from the proper legal authority under the revenue laws, did sell vinous or spirituous liquors, which, or a portion thereof, was drunk on or about his premises ;" and in the second count, that, not having procured such license, he "did sell vinous or spirituous liquors in quantity less than one quart." On the trial, as the bill of exceptions shows, issue having been joined on the plea of not guilty, the State proved that, on the 7th February, 1885, " in James, an incorporated town in Bullock county, the defendant sold whiskey in quantity less than one quart, and permitted it to be drunk on the premises in his bar-room ;" and the defendant then offered in evidence his license as a retailer, which was signed by the probate judge of the county, was dated January 6th, 1885, and in regular form. The State then offered in evidence, in rebuttal, the recommendation of householders

[Russell v. The State.]

on which said license was issued, and the defendant's affidavit before the probate judge preceding its issue; and these papers were admitted in evidence by the court, against the defendant's objection. It was admitted that this recommendation, which was a printed form with blanks, was furnished to the defendant by the probate judge, the blanks being filled up when it was returned ; and that the affidavit also, which was a printed blank form, " was furnished by the probate judge, on application of the defendant to take the necessary oath to engage in retailing." The recommendation, which stated that the signers were " householders and freeholders residing within five miles of the town of James," was signed by twenty-one persons, of whom only five resided in the town ; and it was shown that " not more than twelve householders and freeholders resided in said town at the time said recommendation was signed." It was admitted, also, that the probate judge was acquainted with the several signers and their residences, and was well acquainted with the town and neighborhood. The affidavit was in these words : " I, M. S. Russell, do solemnly swear, that I will not knowingly sell or give away any vinous or spirituous liquors, to any minor, or person of unsound mind, without the permission of his or her parent or guardian ; that I will not violate the act approved February 20th, 1875, to prohibit the disposing of agricultural products between the hours of sunset and sunrise ; nor will I suffer the same to be knowingly done by any partner, clerk, agent, or any other person on or about my premises, if within my power to prevent the same ; and that I will not allow any gaming, of any kind, on or about my premises." These being the material facts, the court charged the jury, that, if they believed the evidence, they must find the defendant guilty ; to which charge the defendant duly excepted.

NORMAN & SON, and POWELL & CABANISS, for the appellant. (1.) In issuing a license to retail spirituous liquors, a judge of probate acts judicially, and not ministerially ; as in the analogous cases where he approves a sheriff's official bond, or where a clerk issues an attachment.—*Ex parte Harris*, 52 Ala. 90 ; *Ex parte Gist*, 26 Ala. 161 ; *Matthews, Finley & Co. v. Sands & Co.*, 29 Ala. 137 ; 11 Johns. 158 ; *People v. Jones*, 54 Barb. 311. (2.) That the license can not be collaterally impeached, on account of irregularities preceding its issue, see *Hawley v. The State*, 40 Ala. 689 ; *Scott v. Strobach*, 49 Ala 487 ; 1 Brick. Digest, 157, §§ 30, 31 ; 18 B. Monroe, 33 ; 3 Pick. 300.

T. N. McCLELLAN, Attorney-General, for the State, cited *Grider v. Tally*, at the present term ; *State v. Moore*, 1 Jones, N. C. 276 ; *House v. State*, 41 Miss. 737 ; *Ex parte Cox*, 19

Ark. 688 ; *Mayor v. Boardman*, 39 Miss. 671 ; Bish. St. Crimes, 1001 ; *State v. Kennedy*, 1 Ala, 31.

CLOPTON, J.—The special act of February 28th, 1881 (Acts 1880–81, p. 192), makes it unlawful for any person, after January 1st, 1882, to manufacture, sell, or give away, vinous, spirituous, or malt liquors, bitters or beverages, composed, in whole or in part, of such spirituous or malt liquors, or intoxicating drinks, in Bullock county, with certain exceptions not necessary to be noticed. The third section provides for an election in any incorporated city or town having a population of two hundred and fifty, or more. Whether such election was held in James, an incorporated town, where the selling is shown to have occurred, and the result of the election, are not shown by the record. We shall assume, for the purposes of this opinion, that an election was held as provided by the statute, and that the result was in favor of "license." In such event, the prohibitory provisions do not apply to such incorporated city or town, and the general laws, governing and regulating the issue of licenses, are in force so far as applicable. By the statute then in force, no license must be granted to sell vinous or spirituous liquors in any incorporated city or town, unless the applicant produce to the judge of probate the recommendation of twenty respectable freeholders and householders, residents within the corporate limits, if so many, and if not, a majority will be sufficient ; and a particular affidavit is prescribed, necessary to be taken and subscribed before license can be granted.—Acts 1882–3, pp. 36, 37.

The authority of the judge of probate to issue license is conferred by statute ; and in *Grider v. Tally*, at the present term, we held, after full consideration, that he acted in a ministerial capacity in the matter of issuing licenses to retail vinous or spirituous liquors under the general laws. The extent of the authority of the judge, and the conditions preliminary to its exercise, are prescribed and regulated by statute. A ministerial act is one performed by an officer or person in obedience to a legal mandate, or by legal authority, and involves the following of instructions. The officer or person can not alter, add to, or dispense with any of the conditions, on which the authority is dependent. The performance of the act is not conclusive of authority, and it is permissible to go behind the act, and show that the pre-requisites to performance did not exist. The statutes are inhibitory: no license shall be granted, unless the applicant complies with the statutory requirements. Authority is conferred, and its exercise commanded, on specified acts being done by the applicant; and denied, if not done. To the validity of a ministerial act, authority conferred on the

[Ex parte Rhear.]

officer, expressly or by necessary implication, is essential.    The power of the judge of probate being purely statutory, a license issued by him, without the applicant having first complied with the statutory requirements, is void.    Where the act is judicial in its nature, the jurisdiction being limited and statutory, the jurisdictional facts should appear; and when ministerial, evidence is admissible to show the want of authority. *State v. Moore*, 1 Jones L. 276; *House v. State*, 41 Miss. 737; *Vose v. Drake*, 7 Mass. 280; *Smith v. Low*, 5 Ired. L. 197.

The license is *prima facie* evidence of compliance, and it is incumbent on the prosecution to show that the pre-requisites to its issue have not been observed.    It being a question of power, neither knowledge of non-compliance, nor any act of the judge of probate, can excuse the applicant    He is presumed to know the statutory requirements, and a failure on his part is at his peril.    Waiving consideration of the sufficiency of the recommendation, it is manifest that the affidavit omits the following material and substantial provisions; that the applicant will not knowingly sell or give away vinous or spirituous liquors to any person of known intemperate habits, and will not keep open on Sunday for the purpose of carrying on the business.    The issue of the license was in violation of law, and void.

What we have said as to the capacity in which the judge of probate acts, has no reference to the act of February 17th, 1885, amendatory of section 1544 of the Code, from the provisions of which Bullock county is excluded.

Affirmed.

NOTE BY REPORTER.—The case of *Carmichael v. The State*, from the same court, and involving the same questions, was affirmed on the authority of the above opinion.