## METCALF *vs.* THE STATE OF GEORGIA.

1. Under the acts of 1873, p. 271, and the acts of 1875, p. 330, which require a person who desires to sell spirituous liquors in Chattahoochee and certain other counties to obtain the consent of two-thirds of the freeholders residing within three miles of the place at which he proposes to do business, and who have so resided for six months prior to the application for license, such consent was a prerequisite to the obtaining of a license, and if a license were granted without a compliance therewith, or upon the consent of less than two-thirds of such freeholders, such license was a mere nullity, and a retailer who continued to sell thereunder did so at his peril.
2. It made no difference whether or not the ordinary revoked the license upon discovering that the petition did not contain the requisite number of names of freeholders; but a charge that, if he did so revoke it, and if the defendant did not have the consent of two-thirds of such freeholders, but nevertheless afterwards sold liquor, he would be guilty, did not hurt the defendant.

April 20, 1886.

Criminal Law. Charge of Court. Liquor. Before Judge WILLIS. Chattahoochee Superior Court. September Term, 1885.

Reported in the decision.

PEABODY, BRANNON & BATTLE, for plaintiff in error.

THOMAS W. GRIMES, solicitor general, by J. M. McNEILL, for the state.

BLANDFORD, Justice.

Metcalf was indicted for retailing spirituous liquors in Chattahoochee county without a license, and he was convicted. The acts of 1873, p. 271, and 1875, p. 330, require a person who desires to sell spirituous liquors to get the consent of two-thirds of the freeholders residing within three miles of the place at which he proposes to do business for six months prior to the application to petition the ordinary to grant the application. Metcalf presented his petition, purporting to contain the requisite number of freeholders so resident. The ordinary after this discovered that the petition did not contain the names of two-thirds of the freeholders residing within three miles of the place of business of Metcalf, and he revoked the license, and Metcalf continued to retail. Under these facts, the judge charged the jury, if Metcalf had not procured the consent of two-thirds of the freeholders within three miles of his place of business, who had resided there for six months before his application, then the license issued to him was void, and he would be guilty if he did retail spirituous liquors. This charge is assigned as error.

1. We think the charge was right. The ordinary, in issuing the license, acted as a mere ministerial officer; he had no authority to grant the same, except the petitioner complied with the prerequisites provided by law, and if he did, the license was a mere nullity. It did not require any revocation, but it was void. He is presumed to know what

the law required, and a failure on his part is at his peril. See the decision of the Supreme Court of Alabama in the case of Russell *vs.* The State of Alabama, 77 Ala., 89; State *vs.* Moore, 1 Jones, Law, (N. C.) 276; 41 Miss., 737; 25 Ill., 197.

2. It is insisted that the charge of the court, that if a license was issued to Metcalf to sell spirituous liquors upon a petition purporting to contain two-thirds of the free-holders residing within three miles of the place of business of the accused for six months prior to the application, and the ordinary really did believe the petition contained the requisite number of freeholders, and afterwards the or-dinary became satisfied that the petition did not con-tain the requisite number, and that the defendant did not have the consent of two-thirds of such freeholders, and the ordinary revoked the license and defendant afterwards sold liquor, he would be guilty of the crime charged.

While we think that it made no difference whether the ordinary revoked the license or not, that, as the defendant had to have the consent of the freeholders mentioned in the act, or the license would be void, and if he sold the liq-uors, he would be guilty; yet we see no such error in this last charge as to require a reversal, for the charge is partic-ular to state, " And the defendant did not have the con-sent of two-thirds of such resident freeholders." The charge was based upon the hypothesis that the defendant did not have the requisite two-thirds of freeholders resid-ing within three miles of the place of defendant for six months before the application. While it would perhaps have been better not to have alluded to the revocation of the license by the ordinary, as the same was immaterial, it did the accused no harm, because the judge told the jury, if the revocation was had because the requisite consent of freeholders had not been obtained, then if defendant sold spirituous liquors, he was guilty; and this is true, whether the license was revoked or not.

Judgment affirmed.