## METCALF *vs.* STATE.

SELLING LIQUOR WITHOUT LICENSE, FROM CHATTAHOOCHEE. Criminal Law. Charge of Court. Liquor. (Before Judge Willis.)

Blandford, J.—1. Under the acts of 1873, p. 271, and the acts of 1875, p. 330, which require a person who desires to sell spirituous liquors in Chattahoochee and certain other counties to obtain the consent of two thirds of the freeholders residing within three miles of the place at which he proposes do business, and who have so resided for six months prior to the application for license, such consent was a pre-requisite to the obtaining of a license, and if a license were granted without a compliance therewith or upon the consent of less than two thirds of such freeholders, such license was a mere nullity, and a retailer who continued to sell thereunder did so at his peril. Russell *vs.* State. (Supreme Court of Alabama, not yet reported); 1 Jones (Law.), 276; 41 Miss., 737; 5 Ill., 197.

2. It made no difference whether or not the ordinary revoked the license, upon discovering that the petition did not contain the requisite number of names of freeholders; but a charge that if he did so revoke it, and if the defendant did not have the consent of two thirds of such freeholders, but nevertheless afterwards sold liquor, he would be guilty, did not hurt the defendant.

Judgment affirmed.

Peabody, Brannon & Battle, for plaintiff in error.

Thomas W. Grimes, solicitor general, by J. M. McNeill, for the state.