STATE OF MINNESOTA *vs.* WILLIS P. HERZOG.

March 3, 1879.

**Embezzlement—Amendment of Statute.**—As respects the offences described in Gen. St. *c.* 95, § 23, in cases in which the defence that the person charged is entitled to a commission or collection fee out of the money or property received or collected by him does not exist, said section is not repealed or abrogated by Laws 1876, *c.* 55. (Gen. St. 1878, *c.* 95, § 33.)

The defendant was tried and convicted in the district court for Hennepin county, before *Vanderburgh*, J., and a jury, on an indictment for larceny. Sentence was passed upon him, from which judgment he appeals.

*Smith & Hale*, for appellant.

*Geo. P. Wilson*, Attorney General, for the State.

BERRY, J. Gen. St. *c.* 95, § 23, is as follows: "If any officer, agent, clerk or servant of any incorporated company, or if any clerk, agent, or servant of any private person, or of any copartnership, except apprentices and other persons under the age of sixteen years, embezzles or fraudulently converts to his own use, or takes and secretes with intent to embezzle and convert to his own use, without consent of his employer *or* master, any money or property of another which has come to his possession or is under his care *by virtue of such employment,* he shall be deemed to have committed larceny." By an act approved March 1, 1876 (Laws 1876, *c.* 55; Gen. St. 1878, *c.* 95, § 33,) it is enacted "that section 23 of chapter 95 of the Statutes of Minnesota, be and the same is hereby amended, so that the same shall read as follows: 'Sec. 23. If any officer, agent, clerk or servant of any incorporated company, or if any clerk, agent or servant of any private person, or of any copartnership, except apprentices and other persons under the age of sixteen years, *or if any attorney-at-law, collector or other person who in any manner receives or collects money or any other property for the use of and belonging to another,* embezzles or fraud-

ulently converts to his own use, or takes and secretes with intent to embezzle and convert to his own use, without *the. consent of his employer, master, or the owner of the money or goods collected or received,* any money or property of another, *or which is partly the property of another and partly the property of such officer, agent, clerk, servant, attorney-at-law, collector, or other person,* which has come to his possession or under his care *in any manner whatsoever,* he shall be deemed to have committed larceny; *and in a prosecution for such crime, it shall be no defence that such officer, agent, clerk, servant, attorney-at-law or other person was entitled to a commission out of such money or property, as ·commission for collecting or receiving the same for and on behalf of the owner thereof : provided, that it shall be no embezzlement on the part of such agent, clerk, servant, attorney-at-law, collector, or other person, to retain his reasonable collection fee on the collection.*' "

For the purpose of showing in what particulars the amended section differs from the original, we have taken the liberty to italicise those words of each which are not found in the other. By the aid of these italics, it will be perceived that the offences described in the original section, precisely as there described, are also offences under the section as amended, with the single difference that under the original section, as construed by this court in *State* v. *Kent,* 22 Minn. 41, the person charged with embezzlement or fraudulent conversion, or with taking and secreting, etc., could show as a defence that he was entitled to a commission out of the money or property charged to have been embezzled, etc., for collecting or receiving the same for the owner. This defence is cut off in the section as amended. The proviso at the close of the amended section is merely a part or qualification of the difference indicated. In a case where the person charged is not entitled to a commission or collection fee, and therefore could not avail himself of the defence spoken of, the offences described in the original section are exactly preserved in the amended section,

so that under the latter a person could be indicted and convicted for precisely the same kind of offences for which he could be indicted and convicted under the former. And, as the fact that the person charged is entitled to a commission or collection fee is matter of defence, it need not be negatived or otherwise noticed in an indictment under either section. Under either, then, an indictment charging the offence described in the original section would be good. These considerations furnish a decisive answer to the question whether the amended section repeals and abrogates the original section. They show that, with regard to the offences described in the latter, in a case in which the defence spoken of does not exist, the law is wholly unaffected by the changes made by the former, and continues to be exactly what it was before the changes were made. As respects such offences, the original section is not repealed, abrogated, changed or amended, but simply preserved and continued; for there never has been a moment of time since its adoption when the rule of law announced by it did not exist. So long as this rule, which is applicable to a certain class of cases, remains unchanged, it is not at all important that the amendment effected by the amended section provides for and adds other classes of cases. The law as to the original offences, save when the defence mentioned exists, is the same in every respect. *Ely* v. *Holton*, 15 N. Y. 595; *Moore* v. *Mausert*, 49 N. Y. 332; *Com.* v. *Herrick*, 6 Cush. 465.

The case of the law involved in this discussion is readily distinguishable from that considered in *State* v. *McDonald*, 20 Minn. 136, for there the law had been changed as respected the penalty for the offence to which it related.

The application of these views to the case at bar is this: The defendant was indicted for the offence described in the original section mentioned, alleged to have been committed on May 22, 1875. The indictment was found on May 12, 1877. The defendant demurred, on the ground that, by the act of March 1, 1876, (consisting, so far as important here,

of the amended section before mentioned,) the original section was repealed and abrogated. *Arguendo*, the defendant insists upon this appeal that the original section was repealed and abrogated, so that the indictment cannot be sustained upon it, and that it cannot be sustained upon the amended section, because, as respects the offence charged to have been committed before its enactment, it is *ex post facto*. From what we have before said, it follows, without the necessity of further explanation, that both of these positions are untenable.

The judgment is affirmed, and the sentence pronounced by the district court directed to be executed.