JOHN GORDON v. THE PEOPLE.

*Excessive sentences—Repeals by implication.*

Comp. L., § 7569 (Rev. Stat. 1846, ch. 154, sec. 18) authorizing one year's imprisonment for a grade of larceny cognizable by a justice, is modified by Comp. L. § 5566 (Act 258 of 1849, § 14) which limits to three months the imprisonment that may be inflicted on conviction of any offense covered by ch. 94 of the Revised Statutes of 1846, which gives to justices their criminal jurisdiction. Act 239 of 1879, in amending Comp. L. § 7569 in another particular, retains the provision allowing one year's imprisonment. *Held* that it does not affect Comp. L. § 5566, nor restore the penalty of a year's imprisonment.

The constitutional provision requiring amended sections of the laws to be enacted in full (Const. art. iv., § 25) does not give the amendment any greater effect upon other portions of the section than it would have if only the actual changes in it were indicated; the nominal re-enactment of other portions of the section does not affect its exist-

ing relations to statutes *in pari materia* unless that intention clearly appears.

Repeals by implication should not be established without satisfactory reason to believe the Legislature intended them.

Error to the Recorder's Court of Detroit.    Submitted October   20.   Decided October 27.

INFORMATION for larceny.   Respondent was found guilty. Reversed, and prisoner discharged.

*Hawley & Firnane* and *A. C. Angell* for respondent.

Attorney-General *Otto Kirchner* for the people.

CAMPBELL, J.  Gordon was charged in the Recorder's Court of Detroit with statutory burglary, but was acquitted of all but simple larceny of property under twenty-five dollars. He was thereupon sentenced to a year's imprisonment; and brings error.

The recorder seems to have thought that the former decisions of this court in *Nelson v. People* 38 Mich. 618, and *Brown v. People* 39 Mich. 57, were no longer operative.   It was there held that the general statute for the punishment of larceny and some other offenses, which fixed a maximum punishment beyond three months, was controlled by the statute of 1849 which restricted the punishment of cases within the jurisdiction of justices to three months' imprisonment.   It was held that both must be read together as referring to a certain grade of offenses in which the law fixing a maximum penalty had been so altered as to lessen it without changing the definition of the offense.

In 1879 the section fixing the punishment of larceny was amended—not by changing the maximum or minimum of fine or imprisonment, but merely by providing effectually and distinctly what should be done where a party is fined and does not pay his fine.   In this respect the old law had been defective, and attention had been called to it in the decision of *Brownbridge v. People* 38 Mich. 751.   The amendment

of 1879 is confined in terms to a change to this effect in § 7569 of the Compiled Laws (Pub. Acts 1879, p. 221).

We must either hold that the law of 1849 is entirely displaced by the act of 1879, or else that it remains in full force. That statute is the only one which applies to fix the authority of justices to give criminal sentences. The amendment, if applicable to that act, gives justices full power to impose the sentence which was originally fixed by the Revision of 1846, of one year's imprisonment. Of course it might be possible to do this. But when a law has been once passed for the express purpose of reducing the term of imprisonment under an old law, any implied restoration, which would operate to repeal an important statute not referred to, must have clean marks upon its face of such an intention. No one would claim for a moment that if § 7569 had been amended as was formerly the custom—not by republishing it as changed, but only by showing for what part the new clause was substituted —any effect would be produced on the remainder of the section. The constitutional provision requiring amendments to be made by setting out the whole section as amended was not intended to make any different rule as to the effect of such amendments. So far as the section is changed it must receive a new operation, but so far as it is not changed it would be dangerous to hold that the merely nominal re-enactment should have the effect of disturbing the whole body of statutes *in pari materia* which had been passed since its first enactment. There must be something in the nature of the new legislation to show such an intent with reasonable clearness before an implied repeal can be recognized. Repeals by implication should not be established without satisfactory reason to believe such was the legislative will. The whole tendency of the strict provisions of the Constitution of 1850 was to prevent the mischief of blind legislation, and to require every change to be made clear to the legislature. We are bound to follow this purpose unless compelled to do otherwise.

We think the law of 1849 governs this case and that the sentence was excessive. As the full time allowed by law has

passed, the judgment must be reversed and the prisoner discharged.

The other Justices concurred.