THE LAKE SUPERIOR SHIP CANAL, RAILWAY & IRON
COMPANY v. HENRY H. APLIN, AUDITOR
GENERAL, ET AL.

*Constitutional law—Taxes—Injunction—Equity—Bill to quiet title.*

1. The Legislature has the constitutional authority, where it has
   provided a plain, adequate, and complete remedy at law to
   recover back taxes illegally assessed and collected, to take away
   the remedy by injunction to restrain their collection. *Eddy v.
   Township of Lee,* 73 Mich. 123.

2. How. Stat. § 6626, as amended by Act No. 260, Laws of 1887,
   which provides that any person claiming the legal or equitable
   title to lands may institute a suit in chancery to quiet his title,
   etc., is not repealed by the tax law of 1889.

3. A land-owner may file a bill in chancery to remove the cloud
   from his title caused by the illegal assessment and levy of taxes
   for 1888, prior to the filing by the Auditor General of the
   petition provided for in the tax law of 1889 to obtain a decree
   for the payment of such taxes, or, in default thereof, for the
   sale of the land to satisfy the same; and the Auditor General
   and county treasurer are proper parties to such a suit, the land
   having been returned delinquent for such taxes.

Appeal from Houghton. (Williams, J.) Argued January 22, 1890. Decided January 31, 1890.

Bill to annul certain school taxes, and to enjoin their collection, etc. Decree sustaining demurrer overruled, and the usual time allowed to answer. The facts are stated in the opinion.

*Ball & Hanscom,* for complainant.

*Dunstan & Hanchett,* for defendant school-district.

*Allen F. Rees,* for remaining defendants.

GRANT, J. The complainant is the owner of several

thousand acres of land situated in the township of Hancock, Houghton county, Mich. It paid all the taxes assessed against these lands for the year 1888, except the school taxes in excess of the one-mill tax, which amounted to $1,676.45.

On July 18, 1889, complainant filed its bill of complaint against the defendants, setting forth the illegality of the taxes, and praying that they may be decreed to be unauthorized, illegal, and void, and also praying for a perpetual injunction restraining defendants from advertising and selling said land for said taxes.

The defendants demur upon the following grounds:

"1. That under section 104 of Act 195 of the Public Acts of this State for the year A. D. 1889, and under section 107 of Act 153 of the Public Acts of this State for the year 1885, no injunction can or shall issue to stay proceedings for the assessment or collection of taxes under either of said acts.

"2. That the remedy of said complainant under and by virtue of Act No. 195 of the Public Acts of 1889 is ample and sufficient to protect it in its alleged rights, and that said act provides a remedy and a procedure by which the legality or validity of the assessment and taxes mentioned in said bill can be adjudicated.

"3. That there can be no sale of the lands, or of any part of them, mentioned in said bill, for the non-payment of taxes therein mentioned, until after a hearing in open court, on due and legal notice to said complainant, at which time said complainant will be given an opportunity to contest the validity of any taxes in said bill alleged"

This Court has already decided that the Legislature may take away from the circuit courts the power to issue writs of injunction, where it has provided that the tax may be paid under protest and suit brought to recover it. Such a provision is not unconstitutional. *Eddy v. Township of Lee*, 73 Mich. 123 (40 N. W. Rep. 792). That decision covers this case, so far as the application for an injunction is concerned.

The only other question is, can complainant maintain this suit to remove the cloud from its title, caused by the illegal assessment and levy of such school taxes? Defendants contend that this right is taken away by the tax law of 1889, Act No. 195. This act provides (section 52) that the Auditor General shall file a petition in the circuit court in chancery of the county where the land is situated, giving descriptions of lands; etc., praying for decree that the taxes be paid, or, in default thereof, that the lands be sold. The Auditor General is required to file the petition as soon as practicable after July 1 against all the lands in the county upon which taxes shall have remained unpaid for more than one year from July 1 next after the return to the Auditor General as delinquent. Subpœnas are thereupon to issue, and be served upon the owners, if to be found within the State. The law then provides for sale of the lands for unpaid taxes on the first Monday of May next after the filing of the petition. It is unnecessary to notice the other provisions of the law for the purposes of this case.

The act of 1889 does not in express terms repeal section 6626, How. Stat., nor refer to it in any manner whatever. But the contention is that this provision of Howell's Statutes is repealed by implication, as far as the tax law is concerned, because it provides that the landowner may have his day in court to contest the validity of the taxes assessed upon his lands. Repeals by implication are not favored, and will not be established, except in cases where it appears that such was the clear intention of the Legislature. *Gordon v. People,* 44 Mich. 485 (7 N. W. Rep. 69). The jurisdiction to institute suits

[1] How. Stat. § 6626, as amended by Act No. 260, Laws of 1887, provides that any person claiming the legal or equitable title to lands, whether in possession or not, may institute a suit in chancery against any other person *not* in possession to quiet his title, etc.

in chancery for the removal of clouds from title was
given to holders of the legal title by the code of 1833.
It was enlarged by the act of 1840 so as to give the right
to owners of equitable titles.   In the absence of an express
provision, we cannot hold that it was the intention of
the Legislature to take away this important remedy, and
compel land-owners to wait two or more years from the
time that taxes become a lien upon their lands before
they can have the opportunity to contest their legality.

We think that the Auditor General and county treasurer
are proper parties to the suit.   The former initiates the
proceedings for the sale of the lands, and the treasurer
makes the sale.   The decree to be finally rendered in the
case will affect their action in the premises, and deter-
mine whether or not they shall proceed under the tax
law to a sale.

The decree of the court below sustaining the demurrer
must be overruled, and the defendants given the usual
time to plead.

CHAMPLIN, C. J., MORSE and CAMPBELL, JJ., con-
curred.