TERRITORY OF DAKOTA, Defendant in Error, v. WEBSTER, Plaintiff in Error.

Intoxicating Liquors, Sales of—License—City, Exclusive Right.

On an indictment for selling intoxicating liquors without a license from the county, it appeared the defendant had a license for the sale from the city where it occurred. Section 7, c. 26, Laws 1879, provided that it shall be lawful for the county commissioners of any county, and also the mayor and city council of any city therein, to require the payment of a license, and the granting of the power to license in any city shall not be held as conflicting with the provisions of this act, the intention being to allow both the county and city authorities to collect a license for the sale of intoxicating liquors. The city granting defendant the license was created by a special act in which it was given power to license, regulate, or prohibit the sale of intoxicating liquors. *Held*, the city had not the exclusive right to license such sales.

(Submitted May 21, 1888; affirmed May 25; opinion filed October 11, 1888.)

Error to the district court of Codington county; Hon. JAMES SPENCER, Judge.

The special act granting a charter to the city of Watertown was passed March 11, 1885.

*W. S. Glass* and *T. V. Eddy*, for plaintiff in error.

The sale is admitted, but justified under a license from the city council of Watertown. The county claims a right to collect a license under section 7, c. 26, Laws 1879. We concede that in the case of cities incorporated under chapter 24, Pol. C., this right would exist. Had the legislature, in granting the charter to the city of Watertown, granted the simple power to

license or tax, as mentioned in section 7, c. 26, Laws 1879, then perhaps there would be no conflict between the power granted to the city under the special act of March 11, 1885, and the provisions of that chapter, and both the county and city would be permitted to levy and collect a license for the sale of intoxicating liquors. But under this special act the city has the exclusive right to do so. 1 Dill. Mun. Cor. 88; *State* v. *Clark,* 25 N. J. Law, 54; *People* v. *Sponsler,* 1 Dak. 289; *State* v. *Andrews,* 10 N. W. Rep. 410; *Woodward* v. *Trumball,* 3 Scam. 1.

*C. F. Templeton,* Atty. Gen., and *F. E. Van Liew,* for defendant in error.

That the two acts are not inconsistent, see Bish. St. Cr. (2d. Ed.) 24; *State* v. *Lee,* 13 N. W. Rep. 913; *Howe* v. *Treasurer,* 37 N. J. L. 145, 149; *Moore* v. *People,* 14 How. 13; *Meyer* v. *State,* 13 Vroom, 145; *Wolf* v. *City of Lansing,* 19 N. W. Rep. 38; *Ex parte Lawrence,* 11 Pac. Rep. 217.

Among the cases cited we call attention particularly to the following language: In *State* v. *Lee,* 13 N. W. Rep. 915, 916, the court say: "One who is within the limits of the municipal jurisdiction, must not only obey the laws of the state, but also adjust his conduct to the requirements of the local by-laws." *Waldo* v. *Wallace,* 12 Ind. 584; *Wragg* v. *Penn. Tp.,* 94 Ill. 23; *Robbins* v. *People,* 95 Ill. 178; *Greenwood* v. *State,* 6 Bax. 567; *State* v. *Williams,* 11 S. C. 292; *Howe* v. *Plainfield,* 8 Vroom, 150; *Mayor* v. *Allaire,* 14 Ala. 404; *State* v. *Hamilton,* 3 Tex. App. 643; *Shafer* v. *Mumma,* 17 Md. 331; *State* v. *Sly,* 4 Or. 278, 279; *State* v. *Bergman,* 6 Or. 343; *Browsville* v. *Cook,* 4 Neb. 105; *McLaughlin* v. *Stevens,* 2 Cranch, C. C. 149.

There is no language in the special act referred to sufficient to grant the exclusive control of the sale of intoxicating liquors. to the city. Charters of municipal corporations are special grants, and must be strictly construed. *Logan City* v. *Buck,* 2 Pac. Rep. 707; *Oakland* v. *Carpenter,* 13 Cal. 540; *Low* v. *City of Marysville,* 5 Cal. 214; *Gaines* v. *Coates,* 51 Miss. 335; *La-*

*fayette* v. *Cox,* 5 Ind. 38; *Collins* v. *Hatch,* 18 Ohio, 523; *Le Conteulx* v. *Buffalo,* 33 N. Y. 333.

THOMAS, J.   This cause comes up on a writ of error from the district court of Codington county, and the facts in the case are substantially as follows:   The plaintiff in error, O. J. Webster, was indicted by the grand jury of said county for the alleged unlawful sale of intoxicating liquors, to which said indictment he entered a plea of not guilty.   On the trial of the case he admitted that he had sold intoxicating liquors in said county without first having obtained a license from the board of county commissioners, but claimed, and it was admitted by the territory, that said sales were made within the corporate limits of the city of Watertown, and that said plaintiff in error had a license from the proper authorities of said city for the sale of liquors.

The case was submitted to the jury, and a special verdict was returned by them in accordance with the admitted facts, after which counsel for plaintiff in error entered a motion to discharge the defendant, O. J. Webster, which motion was denied by the court, as was also a motion in arrest of judgment made on the same day, and plaintiff in error was adjudged by said court to pay a fine of $100.

It is contended by plaintiff in error that, under the facts admitted, and as found by the jury, he was guilty of no public offense, and that the district court erred in denying his motions to discharge him, and in arrest of judgment.   This contention is based on the insistment that the city of Watertown had the exclusive right to grant licenses for the sale of intoxicating liquors within its corporate limits.

The general law of the territory regulating the sale of intoxicating liquors contains the following provision: "It shall be competent and lawful for both the county commissioners of any county, and also the mayor and city council or other authorities of any incorporated village, town, or city situated therein, to require the payment of the license herein provided; and

the granting of the power to license or tax in any city, town, or village charter shall not be held as conflicting in any way with the provisions of this act; the intention being to allow both the county and any incorporated village, town, or city authorities to levy and collect a license for the sale of intoxicating liquors as herein provided, or as provided by the charter and ordinances of such village, town, or city." Sess. Laws 1879, c. 26, § 7.

It is conceded by plaintiff in error that all villages, towns, or cities incorporated under chapter 24 of the Political Code, as well as the county, have the right to levy and collect a license for the sale of intoxicating liquors under the provisions of the act quoted *supra;* but it is contended that it is not competent or lawful for both the county and city or town to levy and collect a license in all cases for the sale of liquors where the city or town is created by special act granting a charter.

This, of course, depends upon the powers granted in the charter; and as it is contended that the city of Watertown has the exclusive right to license the sale of liquors within its corporate limits, it will be necessary to examine and interpret its charter, under which it is insisted such powers exist.

Section 26 of said charter, in reference to licensing the sales of intoxicating liquors, is as follows: "The city council of the city of Watertown shall have the power to license, tax, regulate, and prohibit auctioneers, peddlers, pawnbrokers, saloon keepers, dealers in intoxicating liquors, showmen, canvassers, circuses, shows, and exhibitions for pay, saloons, billiard halls, etc.: provided, however, they shall not grant a license to any person to sell intoxicating liquors for less than three hundred nor more than eight hundred dollars per annum."

It will be observed that the charter as quoted *supra* does not *in hæc verba* grant the city of Watertown the exclusive right to license and regulate the sale of intoxicating liquors within its corporate limits. But it is contended by counsel for plaintiff in error that the charter confers upon the city the power to prohibit the sale thereof within said city, and for that reason it has the exclusive power to license and regulate it.

We are unable to see the force of this proposition. The power to prohibit does not carry with it the power to license and regulate, *et vice versa* the power to license and regulate does not embrace the power to prohibit. They are entirely distinct and independent of each other. The legislature might have conferred the one without the other. It has seen proper to confer both upon the city of Watertown, or, rather, to have given said city the choice of these two modes of dealing with the liquor question, as they are incapable of being enforced at the same time. Prohibition prevents license and regulation, and the latter is inconsistent with prohibition. The city authorities of the city of Watertown have seen proper not to enforce prohibition within said city, but, *per contra,* have undertaken to exercise the power to license and regulate the sale of intoxicants therein. We shall therefore construe the provisions of the charter in reference to the power to license and regulate without regard to the power of prohibition.

The exclusive right of cities, towns, and villages to license and control the sale of liquor within their corporate limits is unusual, and not in harmony with the system of legislation of the territory on the subject. Hence, before we can impute to the legislature the intention of conferring such a power, the language of the charter must be clear to that effect, and susceptible of no other reasonable construction. The charter under consideration is not of this character. It simply gives to the city of Watertown the usual right to collect a license for the sale of intoxicating liquors within its limits. There is nothing in said charter that either expressly or inferentially confers upon the city the exclusive right to do this in derogation of the right of counties to collect a similar license under the general law of the territory.

We are therefore of the opinion that Codington county had the right to demand and collect a license from all persons engaged in the sale of intoxicating liquors within its limits. Hence we conclude that the plaintiff in error, not having obtained a license from the board of county commissioners of Codington county, was guilty of the offense charged in the indictment, and

the judgment of the court, based on the verdict of the jury, was proper, and the motions to discharge said Webster, and in arrest of judgment, are properly overruled.

The judgment of the district court is in all things affirmed. All the justices concurring.