THE PEOPLE v. ALFRED FURMAN.

*Criminal law—Liquor traffic—Municipal ordinances—Charter provisions—Repeal.*

1. It was the intention of the Legislature, by the passage of the liquor law of 1887 (Act No. 313), to provide a uniform rule, applicable to all alike, for the conduct of the business of liquor selling, and said act repeals all municipal ordinances and charter provisions inconsistent therewith.

2. The provision in section 17 of Act No. 313, Laws of 1887, authorizing the proper municipal authorities by ordinance to allow saloons and other places where liquors are sold to open at 6 o'clock in the forenoon and to remain open not later than eleven o'clock in the afternoon, and no longer, of any weekday night, except on election days and holidays, excludes any intention on the part of the Legislature to confer upon such municipalities any further power to legislate upon the subject.

Exceptions ·before judgment from Lenawee. (Lane, J.) Argued February 4, 1891. Decided February 27, 1891.

Information for keeping saloon open on Sunday. Conviction affirmed. The facts are stated in the opinion.

*Watts & Smith,* for respondent.

*A. A. Ellis,* Attorney General, and *D. B. Morgan,* Prosecuting Attorney, for the people.

GRANT, J. The respondent was a saloon-keeper, and on December 9, 1890, was convicted, under the liquor law of 1887, of having kept his saloon open on Sunday, August 24, 1890. He pleaded a former conviction in bar, to which plea the prosecution demurred, and the demurrer was sustained.

The plea sets forth that respondent was arrested upon the complaint of the city marshal on August 25, 1890,

charging him with having kept his saloon open on said 24th day of August, contrary to an ordinance of the city of Adrian, entitled "An ordinance relative to maintaining quiet and good order;" that he was convicted of that offense, was fined $10 and costs, and in default of payment was to be imprisoned in the county jail for a period of 20 days; and that he had paid the fine and costs, and was discharged.

The ordinance under which respondent was convicted was passed by the city council 25 years ago, when the sale of intoxicating liquors was prohibited by the Constitution. The city of Adrian was reincorporated in 1887 by a special act of the Legislature (No. 384, Local Acts of 1887, p. 138). By this act the common council were empowered to require all ale, beer, and porter houses, and all places of resort for tippling and intemperance, to be closed on the Sabbath day. Id. § 139, subd. 7. By section 327, the by-laws and ordinances of said city which were in force, and not inconsistent with the act, were to remain in force, and were declared to be re-enacted. It is insisted by counsel for the respondent that this case is ruled by *People v. Hanrahan*, 75 Mich. 611.[1]

The liquor law under which respondent was convicted was enacted by the same Legislature which passed the act of incorporation. The liquor act was approved June 28, while the act of incorporation was approved March 8. The question is one of legislative intent, and if it can be readily inferred from the provisions of the liquor act that the Legislature intended to provide regulations for the sale of intoxicating liquor to the exclusion of regulation by municipal authorities that intention must prevail. Under the prohibition imposed by the Constitution, it is a well-known fact that intoxicating liquor was freely and

---

[1] Counsel also cited *Village of Northville v. Westfall*, 75 Mich. 603.

openly sold in most, if not all, of the villages and cities of the State, and in many of the towns.

In 1871 the common council of the city of Ann Arbor passed an ordinance to license saloons without reference whatever to the sale of liquor, imposing a license fee, and requiring a bond from those who kept such places. The validity of this ordinance was contested, and was finally sustained by this Court. *Kitson v. Mayor, etc., of Ann Arbor*, 26 Mich. 325. The provisions of the charter of the city of Ann Arbor, under which this ordinance was passed, were incorporated in those of very many of the cities and villages, and that ordinance adopted by them. The liquor traffic was thus regulated, controlled, and restricted by municipal action. This undoubtedly induced the people to make a change in their Constitution for the purpose of submitting this traffic to legislative control. In 1875 the Legislature submitted a constitutional amendment, striking out the prohibitory clause, which was adopted by the people at the November election in 1876. Since that time the various legislatures of the State have enacted laws regulating the sale of intoxicating liquors, and providing restrictions under which it could be carried on. These laws have substantially followed the principles of the Ann Arbor ordinance. The act of 1887 is entitled—

"An act to provide for the taxation and regulation of the business of manufacturing, selling, keeping for sale, furnishing, giving, or delivering spirituous and intoxicating liquors, and malt, brewed, or fermented liquors and vinous liquors, in this State, and to repeal all acts or parts of acts inconsistent with the provisions of this act."

The law contains 34 sections, and very minutely covers the entire business of manufacturing and selling such liquors. It is expressly provided in this act that—

"In all cities and incorporated villages the common

council or board of trustees or council may, by ordinance, allow the saloons and other places where said liquors shall be sold to open at 6 o'clock in the forenoon and to remain open not later than 11 o'clock in the afternoon, and no longer, of any week-day night, except on election days and holidays."

This provision limits the power of municipalities in legislating as to the time within which saloons may be kept open, and excludes any intention on the part of the Legislature to confer upon them any further power to legislate upon the subject. The act expressly repeals all acts or parts of acts in any wise contravening or inconsistent with its provisions. It is clear, therefore, that it was the intention of the Legislature to provide a uniform rule, applicable to all alike, for the conduct of this business. The ordinance in question is certainly inconsistent with the provisions of this law.[1] We are therefore of the opinion that this case is not within the rule of *People v. Hanrahan,* and that the liquor act repealed the ordinance in question and the charter of the city of Adrian, in so far as they assume local legislation over the liquor traffic.

The conviction is affirmed.

The other Justices concurred.

---

[1] Section 1 of the ordinance prohibited the keeping open of a saloon on Sunday, and section 4 provided for a fine of not less than ten nor more than twenty dollars and costs of prosecution, or imprisonment in the county jail for not less than five nor more than twenty days, or both fine and imprisonment, in the discretion of the court.