## THE PEOPLE v. ADAM WENZEL.

*Statutes—Repeal by implication—Re-enactment of charter provision—Liquor traffic.*

1. So much of subdivision 25 of section 24 of chapter 17 of the charter of the city of Kalamazoo (Act No. 337, Local Acts of 1883) as gave the city council power to regulate and license the sale of intoxicating liquors in said city was repealed by the general liquor law of 1887; citing *People v. Furman*, 85 Mich. 110.

2. The re-enactment of said section 24, on amending said charter in 1889,—the only change made being in relation to street parades, provided for in subdivision 11 of said section,—does not show an intention to modify the general liquor law of 1887 as applicable to said city, by repealing it in whole or in part by implication, and reviving the repealed portion of subdivision 25.

3. The Court distinguish this case from *Sherlock v. Stuart*, 96 Mich. 193, where the substantial change made in the provision of the charter precluded the claim that it was included in the amendatory act by inadvertence.

Error to Kalamazoo. (Buck, J.) Argued March 1, 1895. Decided April 16, 1895.

Respondent was convicted of engaging in the liquor business in violation of an ordinance of the city of Kalamazoo, and sentenced to pay a fine of $5. Judgment reversed, and respondent discharged. The facts are stated in the opinion.

*Frank E. Knappen* and *E. M. Irish*, for respondent.

*George P. Hopkins*, city attorney, for the people.

HOOKER, J. The defendant was convicted of liquor selling under a city ordinance which imposed a penalty for engaging in the business of selling intoxicating liquor within the city of Kalamazoo without first obtaining a license from the city authorities. The validity of the ordinance is attacked.

The city charter was enacted in 1883, and section 24 of chapter 17 of that act (No. 337) prescribed the "powers and duties of the city council." This section contained 44 subdivisions, and in these were contained most, if not all, of the subjects upon which the council was given authority to act. Subdivision 25 was as follows:

"To provide for and regulate the inspection of meats, poultry, fish, butter, cheese, lard, vegetables, flour, meats, and other provisions; to regulate and license all taverns and houses of public entertainment, all saloons, restaurants, and eating houses."

In 1887 the act regulating the traffic in liquor was passed, and it is contended that it effected the repeal of subdivision 25 of this section of the charter. This question, as applied to an ordinance of the city of Adrian, was before us in the case of *People v. Furman,* 85 Mich. 110. In that case the defendant was convicted of violating the ordinance against keeping saloons open upon Sunday. The charter was passed at the same ses-

sicn, before the general liquor law. It authorized the council to "require all ale, beer, and porter houses, and all places of resort for tippling and intemperance, to be closed on the Sabbath day." Under this provision the ordinance was enacted. It was held, Mr. Justice GRANT speaking for the Court, that the subsequent act was designed to remove from cities all power of regulation under existing charters, except that of regulating the hours for opening and closing of saloons, which that act expressly gave to the common council, boards, etc., of all cities and incorporated villages; and that—

"This provision limits the power of municipalities in legislating as to the time within which saloons may be kept open, and excludes any intention on the part of the Legislature to confer upon them any further power to legislate upon the subject. The act expressly repeals all acts or parts of acts in any wise contravening or inconsistent with its provisions. It is clear, therefore, that it was the intention of the Legislature to provide a uniform rule, applicable to all alike, for the conduct of this business. The ordinance in question is certainly inconsistent with the provisions of this law. We are therefore of the opinion that this case is not within the rule of *People v. Hanrahan*, and that the liquor act repealed the ordinance in question and the charter of the city of Adrian, in so far as they assume local legislation over the liquor traffic."

This decision is applicable to the charter of Kalamazoo, and it follows that the statute of 1887 repealed subdivision 25 referred to.

In 1889 the Legislature amended the charter of Kalamazoo, re-enacting section 24. The only change made from this section, as passed in 1883, was in relation to street parades, provided for in subdivision 11. Subdivision 25 was incorporated as originally passed. The question now arises whether the re-enactment of subdivision 25 shows an intention to modify the general liquor law, as applied to Kalamazoo, repealing it, in whole or in part, by implication.

It is a general rule that repeals by implication are not favored, especially where the effect is to repeal a special act by a general law. End. Stat. §§ 210, 227, 228. Unless the legislative intent to repeal a charter is deducible from a subsequent general act, the law will hold that the charter is not repealed by implication, and presume an intention to except the municipality from the operation of the general law. *Goldson v. Buck*, 15 East, 372; *Supervisors of Walworth Co. v. Village of Whitewater*, 17 Wis. 193; *Janesville v. Markoe*, 18 Id. 350. These decisions have no application where the intent is plain. See *People v. Furman, supra; Kellogg v. Oshkosh*, 14 Wis. 623. They are cited to the proposition that a special enactment is entitled to certain presumptions, as against a general enactment, though the latter be subsequent in point of time. It would seem that this presumption could be no less where the special act is later, and that, if incompatible with a prior general act, a repeal of the latter by implication must be found; for otherwise the special enactment could not be given effect. *Sherlock v. Stuart*, 96 Mich. 193, was a case of that kind, and it was held, Mr. Justice GRANT again writing the opinion, that the effect of the subsequent special enactment was to repeal by implication the general liquor law of 1887, as applied to Grand Rapids, so far as the same was inconsistent with the special act. It was accordingly held that the city might grant or refuse licenses to sell liquor upon the ground of the fitness or unfitness of the proposed location, which we understand to have been the question in this case.

The only reason assigned for a different holding in this case is that the amendment to the Grand Rapids charter changed the subdivision relied upon, while in the amendment to the Kalamazoo charter there was no change. It is argued that the change in the Grand Rapids charter clearly showed a legislative intent to alter the general law for the benefit of the locality, and that this is wanting in the present case. We are cited

to a number of authorities which are said to support the proposition that—

"Where a statute merely re-enacts the provision of an earlier one, it is to be read as a part of the earlier statute, and not of the re-enacting one, if it is in conflict with another passed after the first, but before the last, act; and therefore does not repeal by implication the intermediate one." End. Stat. § 194, and cases cited.

See, also, *Merrill v. Kalamazoo*, 35 Mich. 216; *Attorney General v. City of Detroit*, 71 Id. 97. These last two cases are cited to the proposition that special charters are not to be construed to affect general legislation, or other special acts outside of the charter, unless a clear intent to do so appears.

A comparison of the original and amended subdivisions of the Grand Rapids charter at this juncture may be of service. Local Acts of 1887, p. 494, subd. 55:

"*Fifty-fifth*, to license and regulate the keepers of hotels, taverns, and other public houses, grocers, and keepers of ordinaries, saloons, and victualing and other houses or places for furnishing meals, food, or drink."

Local Acts of 1891, p. 505, subd. 55:

"*Fifty-fifth*, to license and regulate the keepers of hotels, taverns, and other public houses, grocers, and keepers of ordinaries, and victualing and other houses or places for furnishing meals or food; to restrain, license, and regulate saloons, and to regulate and prescribe the location thereof."

The substantial change in these subdivisions is the insertion of the word "restrain" in the latter. It precludes the claim that this subdivision was included in the amendatory act by inadvertence.

But in this case the obvious intention was to change the charter in regard to street parades by a change in one of the subdivisions of a long section, every other subdivision of which was incorporated in the new act without change, apparently under the provision of the Constitution requiring amendments to be made by

· re-enactment of the sections amended.   In doing this it was easy to overlook the fact that subdivision 25 had been repealed by the general liquor law, and we think the case falls within the rule of construction contended for.  The following cases recognize this principle: *Gordon v. People*, 44 Mich. 485; *Curbay v. Bellemer*, 70 Id. 106; *Attorney General v. City of Detroit*, 71 Id. 92; *In re Bushey ante*, 64.

It follows that the ordinance is invalid, and the judgment must be reversed, and the prisoner discharged.

McGRATH, C. J., LONG and MONTGOMERY, JJ., concurred.  GRANT, J., did not sit.