## VILLAGE OF SPARTA *v.* BOOROM.

1. MUNICIPAL ORDINANCES—VIOLATION—COMPLAINT—WAIVER OF DEFECTS.

   If a warrant for the violation of a municipal ordinance, following a complaint which sets out the commission of the offense on information acquired from the examination on oath of a third person before the justice, which affiant believes to be true, can be said to have been issued on a complaint based on information merely,[1] the defect is waived by a plea of not guilty.

2. VILLAGES—SUPPRESSION OF SALOONS—EXTENT OF POWER CONFERRED.

   The provision of the general act for the incorporation of villages which authorizes them to suppress saloons for the sale of intoxicating liquors confers no authority to enlarge the commonly-understood meaning of the word "saloon." Hence it is beyond the power of a village council to declare that any person selling liquor within the village shall be deemed to be a saloon keeper; and a complaint and warrant charging that defendant sold liquor at the residence of A. B. in said village, and thereby became a saloon keeper, states no offense.

[1] See *Curnow* v. *Kessler*, 110 Mich. 10 (67 N. W. 982).

3. SAME—STATUTES—REPEAL OF ORDINANCES.

All village ordinances for the suppression of saloons, based on the authority conferred by the general incorporation act of 1875-83, were by implication repealed by the general liquor law of 1887.

4. SAME—REVIVAL.

And they were not revived by the re-enactment of the delegatory provisions in the general village incorporation act of 1895.

ON MOTION TO MODIFY JUDGMENT.

VIOLATION OF VILLAGE ORDINANCE—PROSECUTION—COSTS.

Under 1 Comp. Laws, § 2761, providing that prosecutions for violations of village ordinances may be commenced by warrant in the name of the people of the State of Michigan, and that the proceedings relating to the arrest and custody of the accused during the pendency of the suit, the pleadings, and the proceedings on the trial and in the rendition and execution of judgment shall be governed by, and conform as nearly as may be to, the provisions of law regulating proceedings in criminal causes cognizable by justices of the peace, a prevailing defendant is not entitled to costs.

Exceptions before judgment from Kent; Perkins, J. Submitted January 29, 1902. Decided March 4, 1902. Judgment modified as to costs June 3, 1902.

Lewis H. Boorom was convicted of keeping a saloon, contrary to an ordinance of the village of Sparta. Reversed and respondent discharged.

*David E. Burns* ( *J. B. Judkins* and *N. J. Brown,* of counsel ), for appellant.

*Myron H. Walker,* for appellee.

HOOKER, C. J. The defendant has appealed from a conviction under a village ordinance. The village was incorporated under the general village incorporation act, which provided that it should have power to suppress saloons for the sale of spirituous and intoxicating liquors. Act No. 52, Pub. Acts 1883; 3 How. Stat. § 2847, subd. 7. Acting under the authority given by this act, the village

council passed the ordinance in question on May 5, 1886. It explicitly forbade any person to keep or maintain any saloon for the purpose of selling any spirituous or intoxicating liquors. Its second section provided that any person who should sell, directly or indirectly, any such liquor in any building or other place whatsoever in said village, should be deemed to be a saloon keeper for the sale of such liquors, etc. The fourth section prescribed a penalty by way of fine and imprisonment. In 1887 the general liquor law now in force was passed. 3 How. Stat. § 2283c4; 2 Comp. Laws 1897, § 5379. In 1889 the local option act, so called, was passed. 3 How. Stat. § 2283a; 2 Comp. Laws 1897, § 5412. In 1895 the general village incorporation act was superseded by a revised act, in which the provision regarding the suppression of saloons above mentioned was included. 1 Comp. Laws 1897, § 2769, subd. 7.

The complaint was made by the village marshal, and was upon oath, and the following covers the substance essential to an understanding of the questions raised upon it, to wit:

"One. Lewis H. Boorom, not being then and there a druggist who sells liquors for chemical, mechanical, scientific, medicinal, and sacramental purposes only, did then and there, to wit, at the residence of William R. Smith, on West Railroad street, in said village, sell intoxicating liquors, and liquors a part of which were intoxicating, and liquors containing fermented liquors, as appears from, and as this affiant is informed by, the examination upon oath taken and made before said Oscar Beeby, justice aforesaid, of William R. Smith, and which said affiant avers and believes to be true; and the said Lewis H. Boorom did thereby then and there, to wit, on or about the 2d day of July, A. D. 1901, at said village of Sparta, keep and maintain a saloon in said village of Sparta for the purpose of selling the liquors aforesaid, and was then and there a saloon keeper for the sale of spirituous and intoxicating liquors, against and in violation of the form and provisions of an ordinance of said village."

The defendant was arrested, arraigned, pleaded "Not guilty," and was tried before a justice, and upon a second

trial convicted. On appeal he was tried and convicted in the circuit, a verdict having been found by direction of the court. The case is here upon exceptions before sentence.

Several points are raised. We are of the opinion that there is no force in the point that the warrant issued upon a complaint based on information merely. If there was such a defect, inasmuch as positive testimony under oath was taken by the justice before he issued the warrant, the point was waived by the plea of not guilty, as in cases of information.

We are of the opinion, however, that the warrant does not state a case. It charges a single sale, is silent as to the place and circumstances, except that it was not made as a druggist, and states that the defendant "thereby" became a saloon keeper. We are not prepared to say that a wagon might not constitute a saloon, or that a saloon might not be movable, or that it would be any the less a saloon because it was continually moved from place to place; but that is not the charge here. The general village incorporation act did not authorize the prohibition of the sale of liquor in general terms, and it omitted to enlarge the meaning of the word "saloon." The term has a common and well-understood meaning, and this meaning must be applied to this act. 1 How. Stat. § 2; 1 Comp. Laws 1897, § 50. It did not authorize the village council to enlarge its meaning by calling every man who should make a sale of liquor a saloon keeper, and the cases which hold that a single sale may be evidence to show a man a saloon keeper, where it occurred in a saloon, are not in point.

There is another point which alone must be fatal to this proceeding upon another trial. We have twice held that the general liquor act of 1887 had the effect to repeal by implication all such ordinances as this one. See the opinion of Mr. Justice GRANT in *People* v. *Furman*, 85 Mich. 110 (48 N. W. 169), and the later case of *People* v. *Wenzel*, 105 Mich. 70 (62 N. W. 1038), where it was

quoted and followed.   We do not discover that this point was made upon the trial, but it is fully discussed in the briefs in this court.   It may be said that the re-enactment of subdivision 7 in the law of 1895 revived this ordinance, but we think this is not the rule.

The verdict will be set aside, and the respondent discharged.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., did not sit.

### ON MOTION TO MODIFY JUDGMENT.

HOOKER, C. J.   Upon the hearing in this court of the above-mentioned cause, the opinion directed that the verdict be set aside, and the respondent discharged.   In the formal order entered in the journal, costs of both courts were awarded to the defendant, and a motion has been made to vacate that portion of the judgment of this court.

The proceeding was brought under the provisions of 1 Comp. Laws, § 2761, which provides for the prosecution being by warrant and in the name of the people of the State of Michigan.   This section provides further that:

"And the proceedings relating to the arrest and custody of the accused during the pendency of the suit, the pleadings, and all proceedings upon the trial of the cause, and in procuring the attendance and testimony of witnesses, and in the rendition of judgments and the execution thereof, shall, except as otherwise provided by this act, be governed by, and conform as nearly as may be to, the provisions of law regulating proceedings in criminal causes cognizable by justices of the peace."

We are of the opinion that this excludes the assumption that costs are recoverable as in civil cases.

The motion is granted.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., did not sit.