## MOORE v. KELLEY.

INTOXICATING LIQUORS — REGULATION OF SALOONS — HOLIDAYS — STATUTES—REPEAL BY IMPLICATION.

2 Comp. Laws, § 5395, requires saloons to be kept closed on all legal holidays. By subsequent act the common council of Bay City was authorized to enact ordinances "to restrain, license, and regulate saloons, and to regulate and prescribe the location thereof." *Held*, that such act should be construed, not as abrogating the general law, but as authorizing the city to regulate saloons in a manner not inconsistent therewith; hence that an ordinance permitting saloons to remain open on the 4th of July was invalid.

*Certiorari* to Bay; Shepard, J. Submitted January 5, 1904. (Calendar No. 20,251.) Decided March 23, 1904.

*Mandamus* by Bertram Moore to compel William M. Kelley, police justice of Bay City, to issue a warrant for

a violation of the liquor law. From an order granting the writ, respondent brings *certiorari*. Affirmed.

The State law provides:

"All saloons, restaurants, bars, in taverns or elsewhere, and all other places, except drug stores, where any of the liquors mentioned in this act are sold or kept for sale, either at wholesale or retail, shall be closed * * * on all legal holidays, and until seven o'clock of the following morning," etc.   2 Comp. Laws, § 5395.

The charter of Bay City provides:

" The common council, in addition to the powers and duties specially conferred upon them in this act,  * * * shall have power within said city to enact, make, continue, establish, modify, amend, and repeal such ordinances, by-laws, and regulations as they may deem desirable within said city for the following purposes: * * *

" *Eleventh.* * * * To restrain, license, and regulate saloons, and to regulate and prescribe the location thereof." Local Acts 1897, Act No. 448, chap. 3, § 21.

Assuming that the charter provision just quoted gave them authority; the common council of Bay City, on June 1, 1903, adopted the ordinance whose validity is here in question. On the following 4th of July the saloons of the city were kept open. Subsequently the relator applied to William M. Kelley, police justice of the city, for a warrant against one Charles Glave, charging him with keeping his saloon in Bay City open on the 4th of July. The respondent refused to issue a warrant on proper complaint. Application for *mandamus* was then made to the circuit court, and, after a hearing, was granted. *Certiorari* is now brought to review this ruling.

*A. H. McMillan*, for relator.

*T. A. E. & J. C. Weadock* and *Brakie J. Orr*, for respondent.

MONTGOMERY, J. (*after stating the facts*). It will be seen that the sole question presented is whether the provision of the city charter abrogates the provisions of the State

law requiring the closing of saloons on legal holidays and Sundays. The charter contains no language which in terms suspends the operation of the general law. Repeals by implication are not favored. *Gordon* v: *People*, 44 Mich. 485 (7 N. W. 69); *Tillotson* v. *City of Saginaw*, 94 Mich. 240 (54 N. W. 162); *In re Bushey*, 105 Mich. 64 (62 N. W. 1036). And in all cases of a claimed repeal resulting by implication from an affirmative act, except where the intent, appearing from a design to substitute the new law for the old *in toto*, is clearly to the contrary, it must be remembered that the repeal extends only so far as the provisions of the statutes affecting each other are inconsistent; the old law being in all other respects left in full force and effect. Endl. Interp. Stat. § 205. In other words, the two statutes should, if fairly consistent, be construed together, and both treated as in force.

Having this rule in mind, it is significant that the general statute delegates to cities the authority to fix the hour for opening and closing of saloons. The charter again authorizes the common council to enact ordinances to restrain, license, and regulate saloons, and prescribe the location thereof. It is a reasonable construction which accords to this charter provision a legislative intent to regulate in a manner not inconsistent with the State law,— that is, to prescribe additional regulations,—which purpose is further manifested by the authority given "to prescribe the location thereof."

A similar question arose in *House* v. *State*, 41 Miss. 737. It was there held that an act amending the charter of a town, and giving to the mayor and aldermen the exclusive right to grant licenses for the sale of spirituous liquors, would not supersede the general law requiring the application for a license to retail to be recommended by a majority of the legal voters.

The order of the circuit court is affirmed.

MOORE, C. J., CARPENTER and HOOKER, JJ., concurred. GRANT, J., took no part in the decision.