LAKE *v.* VILLAGE OF CEDAR SPRINGS.

1. STATUTORY CONSTRUCTION—REPEALS BY IMPLICATION—REPUG-NANCY.

Repeals by implication are not favored, and the question of repeal by a subsequent inconsistent statute is largely one of intent, so that if the two statutes can stand, and both have effect, they must be allowed to do so.

2. INTOXICATING LIQUORS —MANDAMUS —VILLAGES —SUPPRESSION OF LIQUOR TRAFFIC.

Under 2 Comp. Laws, § 2769, villages have authority to suppress the sale of intoxicating liquors, and the prior statute is not repealed by implication by Act No. 291, Pub. Acts 1909; wherefore, mandamus will not lie to compel the common council of a village to approve a liquor bond.

Certiorari to Kent; McDonald, J. Submitted June 7, 1910. (Calendar No. 24,068.) Decided September 27, 191

Mandamus by Orin Lake to compel the common council of the village of Cedar Springs to approve a liquor bond. An order denying the writ is reviewed by relator on writ of certiorari. Affirmed.

*Dunham & Phelps* (*Rodgers & Rodgers,* of counsel), for relator.

*A. A. & H. A. Ellis* and *T. B. Taylor,* for respondent.

BIRD, C. J.  This is an application for a writ of mandamus to compel the respondent, the common council of the village of Cedar Springs, to approve the liquor bond of relator, Orin Lake.  The sole question raised by relator's brief is whether subdivision 7 of section 2769 of the Compiled Laws of 1897, which gives villages the power to suppress saloons for the sale of spirituous and intoxicating liquors, was repealed by Act No. 291 of the Public Acts of 1909.  The relator filed his application for a license with the respondent on March 23, 1910.  The council on April 11th passed an ordinance suppressing saloons for the sale of spirituous and intoxicating liquors in the village, and provided it should take effect on May 1, 1910.  The council refused to act upon relator's application and now relies on the ordinance as a defense to this proceeding.

It is the contention of the relator that, upon the taking effect of Act No. 291, it repealed by implication subdivision 7 of section 2769; and that the power given villages by this subdivision is so repugnant to, and inconsistent with, Act No. 291, that both cannot stand, and that, as Act No. 291 was the last expression of the legislature, it must prevail.

The village of Cedar Springs was incorporated under Act No. 3 of the Public Acts of 1895, providing for the incorporation of villages, and, among other powers conferred upon villages by this act, was the power, under subdivision 7, " to suppress saloons for the sale of intoxicating liquor and license taverns and eating houses. "  It is well settled in this State that repeals by implication are not favored, and that the question of repeal is largely one of intent, and if the two statutes can stand, and both have

effect, they must be allowed to do so.   *People* v. *Gustin*, 57 Mich. 407 (24 N. W. 156).

The title to Act No. 291 of the Public Acts of 1909 is:

"An act to provide for the taxation, licensing and regulation of the business of manufacturing, selling, keeping for sale, furnishing, giving or delivering spirituous and intoxicating liquors and malt, brewed, or fermented liquors and vinous liquors in this State, and to repeal all acts or parts of acts inconsistent with the provisions of this act."

It will be observed that the object of this law is to tax, regulate, and license, while the power conferred upon villages is "to suppress." A law whose object is to tax, regulate, and license would not seem to be inconsistent with one giving the power "to suppress." It would hardly be contended that under Act No. 291 saloons could be suppressed except as incidental to its enforcement, or that under the village act the business could be taxed, regulated, or licensed.

It has been the law of the State for many years to permit the electorate of counties to prohibit the sale of intoxicating liquors and to permit villages, through their common councils, to suppress saloons for the sale of intoxicating liquors. Whenever the county or village has not seen fit to exercise this power, the business has been taxed and regulated by the general liquor laws of the State. These laws have been administered side by side for nearly 15 years with little or no difficulty on account of repugnancy or inconsistency. But it is said by relator that the amendments of 1909 to the general liquor law have made it so inconsistent with the subdivision 7 that both cannot stand. The cardinal feature which the amendments of 1909 have ingrafted on the general liquor laws is the license feature, and counsel argue that in adding this feature it was intended by the legislature to provide for the uniform license system throughout the State. Counsel is quite right in this conclusion; but how does the added license feature make it any more difficult to administer side by side with the village law than before the

amendments were added? The legislature of 1887 intended to and did make the general liquor laws passed in that year a uniform rule throughout the State as to taxation and regulation, and adding the license feature of 1909 does not increase or extend its uniformity.

Counsel cite the case of *People* v. *Furman*, 85 Mich. 110 (48 N. W. 169), to sustain their position. In that case the city of Adrian attempted to regulate by ordinance the closing of saloons on Sundays. This court held that the general liquor laws of 1887 covered the whole field of regulation, and that the ordinance was in conflict therewith, and therefore invalid. In other words, the council of the city of Adrian was attempting to regulate by ordinance that which the legislature had provided for by general law. No such attempt has been made by respondent. It has not invaded the field of regulation, taxation, nor license. It has simply exercised its power to suppress.

Has the legislature evinced any intention to repeal subdivision 7 by recent legislation? We have not been able to discover any, and none has been called to our attention. At the same session at which Act No. 291 was passed, Act No. 278 was also passed, and both acts were signed upon the same day, and the latter act validated all of the general and special charter provisions of villages in the following language:

"All villages within the State of Michigan heretofore incorporated by any general or special act of the legislature, shall continue their corporate character as such villages and any and all general or special charter provisions for the government of such villages shall continue in force until superseded, amended, or repealed, in accordance with the provisions of this act."

And by the terms of Act No. 278, which provides for the reincorporation of villages, the same power was again conferred upon villages that is contained in subdivision 7. This legislation clearly makes against the contention that the legislature intended, by passing Act No. 291, to deprive villages of the power to suppress saloons for the sale of intoxicating liquors.

Finding nothing in the language of Act No. 291 which would make it repugnant to, or inconsistent with, subdivision 7, and being unable to see any intent upon the part of the legislature to repeal subdivision 7, we are disposed to hold that Act No. 291 did not, by implication, repeal subdivision 7.

The order of the circuit court denying the prayer of relator's petition is affirmed.

OSTRANDER, HOOKER, MOORE, and McALVAY, JJ., concurred.