VERNIER v. COMMON COUNCIL OF VILLAGE OF GROSSE POINTE SHORES.

1. VILLAGES — INTOXICATING LIQUORS — CONSTITUTIONAL LAW — COMMON COUNCIL—CHARTER.

Under the provisions of Art. viii, §§ 20, 21 of the Constitution, and of Act No. 278, Pub. Acts 1909, the electors of a village may delegate to the common council thereof authority to suppress saloons, by so providing in the charter, and by making appropriate reference to section 2769, 1 Comp. Laws: the authority conferred by section 24 of the statute is not limited to the electors, who may, by charter, empower the village council to act.

2. SAME—CHARTER OF VILLAGE OF GROSSE POINTE SHORES—OR-
   DINANCE.

   An ordinance passed by the common council of the village of
   Grosse Pointe Shores, suppressing saloons, under a village
   charter authorizing the suppression of the sale of intoxicat-
   ing liquors, is valid.

Certiorari to Wayne, Hally, J.   Submitted June 4,
1912.   (Calendar No. 25,200.)   Decided July 10, 1912.

Mandamus by Edmund C. Vernier against the common
council of the village of Grosse Pointe Shores, to compel
respondents to grant relator's application for a license to
engage in the retailing of intoxicating liquors.   An order
granting the writ is reviewed by respondents on certiorari.
Reversed.

*William M. Mertz* and *Frank N. Renaud* (*Charles
D. Joslyn,* of counsel), for appellant.

*Edwin Henderson,* for appellee.

STONE, J.   This is certiorari brought by the common
council of Grosse Pointe Shores to review the action of
the circuit court of Wayne county in granting a manda-
mus in favor of relator against said village council.   The
sole question involved is the validity of an ordinance
adopted by the village council on April 12, 1912, suppres-
sing all saloons in said village.   On the same date the re-
lator below made application for a license to carry on the
sale of spirituous and intoxicating liquors in said village.
On April 29th the council rejected said application.
Whereupon the relater applied to the circuit court for the
county of Wayne for a writ of mandamus to compel the
respondent to grant the relator a license.   After due hear-
ing in the premises, the writ was granted.

The said village was organized under Act No. 278 of
the Public Acts of 1909.   In pursuance of that act, it
adopted a charter, which contained the following provis-
ion:   Chapter 26, § 2:

"The common council shall have power to pass such ordinances in relation to the following subjects as it may deem proper: (1) To regulate trade, occupations and amusements within its boundaries, including the sale of intoxicating liquors and the number of licenses to be issued therefor; and to suppress saloons for the sale of spirituous and intoxicating liquors."

The validity of this ordinance is attacked upon the ground that its enactment involved the exercise of the police power of the State; that the legislature has delegated this power to the electors of the village; that the electors of the village could not redelegate the power to the village council; that consequently the charter provision delegating the right to suppress saloons to the village council is void, and, as a necessary sequence, that the ordinance is void. Article 5, § 1, of the Constitution of Michigan, provides:

"Legislative power is vested in a senate and house of representatives."

Article 8, § 20, of the Constitution, provides:

"The legislature shall provide by a general law for the incorporation of cities, and by a general law for the incorporation of villages. * * *"

Section 21 of the same article is as follows:

"Under such general laws, the electors of each city and village shall have power and authority to frame, adopt and amend its charter, and, through its regularly constituted authority, to pass all laws and ordinances relating to its municipal concerns, subject to the Constitution and general laws of this State."

In 1909, by Act No. 278, the legislature enacted the following provision:

"SEC. 24. Each village may in its charter provide: (a) for the regulation of trade, occupations and amusements within its boundaries, including the sale of intoxicating liquors and the number of licenses to be issued therefor, but no charter shall permit the sale of such liquors in any county where such sale is prohibited by operation of the

general local-option law of the State, but may suppress
saloons for the sale of spirituous and intoxicating liquors."

Section 25 of said act is as follows:

"Each village may adopt as its charter or any part of
the same, any chapter, act or section of the statutes of
this State in force at the time of such adoption and not
inconsistent with the provisions of this act, which relates
to the powers or government of villages generally, either
by reciting the same in such charter or by appropriate ref-
erence thereto."

The court below held (*a*) that Act No. 278 of the Public
Acts of 1909 gives the power of suppressing saloons to the
village, and not the common council; (*b*) that the electors
having such power cannot delegate it to their council. In
other words, the circuit court held that the suppressing of
saloons must be by the charter itself, and not by ordinance
of the council. This decision necessarily goes to the ex-
tent of invalidating the charter provision above quoted.

It is the contention of the relator that if the power is
given by section 24, subd. "*a*," above quoted, to suppress
saloons for the sale of spirituous and intoxicating liquors,
that power can only be exercised by the electors of the
village enacting such a measure in the charter in the
manner provided by law, viz., "submission to and the
approval of the same by a majority vote of the electors;
and that such power cannot be redelegated to the village
council." It is the claim of the village that the general
legislative policy of the State for many years has been to
lodge the power of suppression by local police regulations
in the local legislative body, to wit, the common council.

It is well here to refer to section 2769, 1 Comp. Laws,
being what may be termed the "Old Village Law," and
to note that the charter of the village of Grosse Pointe
Shores adopted the identical language of subdivision 7 of
this section. The court below eliminated from consider-
ation this section of the Compiled Laws as having no bear-
ing on this case. We think that it has an important bearing.
It shows the general legislative policy of Act No. 278, Pub.

Acts 1909. While the charter does not refer to the section or chapter as provided by section 25 of Act No. 278, we think it does by appropriate reference embrace it, and it may be said that the village charter did incorporate section 2769, 1 Comp. Laws, and that the language used by this court in *Fuchs* v. *Grass Lake Common Council*, 166 Mich. 569 (132 N. W. 96), and *Lake* v. *Village of Cedar Springs*, 162 Mich. 569 (127 N. W. 690), relating to this statute, applies here. Subdivision " *m* " of section 24 of Act No. 278 is as follows:

"For exercising all municipal powers in the management and control of municipal property and in the administration of the municipal government, whether such powers be herein expressly enumerated or not; for any act to advance the interest of the village, the good government and prosperity of the municipality and its inhabitants; and for making all laws which shall be necessary and proper for carrying into execution the foregoing powers and all other powers vested by the Constitution in villages, except where forbidden, or where the subject is covered exclusively by a general law.

The last section of Act No. 278 provides as follows:

" No provision of any village charter shall conflict with or contravene the provisions of any general law of the State."

We should not overlook the provision above referred to in section 21, art. 8, of the Constitution, which gives to the electors of each city and village, under general law, power and authority to frame, adopt, and amend its charter, and, through its regularly constituted authority, to pass all laws and ordinances relating to its municipal concerns, subject to the Constitution and general laws of this State. We are of opinion that the legislature here delegated power to villages to be exercised by local legislation of the common council to pass all laws and ordinances relating to municipal concerns, which includes the power to suppress the liquor traffic, and that this is not in conflict with either the Constitution or general laws of this State; that it may be said that the charter of the village of Grosse Pointe

Shores has practically adopted the provisions of section 2769 of the old village act; and that this is a delegation by the legislature of general police power to the common council, as the regularly constituted authority to legislate upon the subject, within the previous holdings of this court above referred to. We think, therefore, that the circuit court reached the wrong conclusion.

We are of opinion that the provision of the charter and the ordinance in question are valid, and that the order and judgment of the circuit court should be reversed, with costs against the relator.

MOORE, C. J., and STEERE, MCALVAY, BROOKE, OSTRANDER, and BIRD, JJ., concurred. BLAIR, J., did not sit.