PEOPLE *v.* CAIN.

· 1. INTOXICATING LIQUORS—CRIMINAL LAW—WHOLESALE DEALER
—WORDS AND PHRASES—RETAIL.
A wholesale liquor dealer is one who sells in quantities of three
gallons or more as defined by Act No. 170, Pub. Acts 1911,
and the word includes those who sell such liquors in original
sealed packages and not to be drunk on the premises.

2. SAME.
A wholesale dealer who sells bottled beer in lots of one to five
bottles, without a license to sell at retail, violates the stat-
ute.

Exceptions before sentence from Jackson; Parkinson
J. Submitted June 13, 1912. (Docket No. 136.) De-
cided July 11, 1912.

Dennis Cain was convicted of engaging in the business
of selling intoxicating liquors at retail, without having
paid the tax or secured license required by law. Af-
firmed.

*Nathan E. Bailey,* Prosecuting Attorney, *M. Grove
Hatch,* Assistant Prosecuting Attorney, for the people.

*John F. Henigan* and *F. C. Badgley,* for respondent.

BROOKE, J.    This case is in this court upon exceptions
before sentence.  Respondent was convicted of being un-
lawfully engaged in the business of a retail dealer in malt,
brewed, fermented, spirituous, and intoxicating liquors,
without having paid the tax required by law, and without
having the receipt and license posted and displayed in a
conspicuous place in the room where such business was
conducted; he, said respondent, not being a druggist.

The facts are not in dispute.  Respondent, at the time
of the alleged offense, was duly licensed as a wholesaler

in the city of Jackson, but held no license as a retailer. Under his license as a wholesaler, respondent sold bottled beer in small quantities—in lots of five bottles, two bottles, and even one bottle. These were pint bottles and were closed with the ordinary tin cap or stopper. The record shows that none of the beer so sold was drunk upon the premises. Respondent received his beer in car load lots from the manufacturer. Sometimes the bottles were packed in barrels unsealed, and sometimes in boxes unsealed. The barrels usually contained 10 to 12 dozen pint bottles. The boxes or cases ordinarily contained 2 dozen bottles. It is the contention of the respondent that, in selling a single pint bottle of beer, closed or sealed, in the manner described, he acted as a wholesaler within the statutory definition of that term.

Section 2 of Act No. 170 of the Public Acts of 1911 provides:

" Wholesale dealers shall be held and deemed to mean and include all persons who sell or offer for sale such liquors as beverages at wholesale in original sealed trade packages and not to be drunk on the premises : *Provided, however*, that it shall be unlawful for any person, firm or corporation to engage in the wholesale liquor business in any township, village or city of less than two thousand population (or) to sell in quantities of less than three gallons."

The word " or " interpolated by the writer in the above quotation is necessary to give an intelligent meaning to the proviso. So read, it is consistent, too, with the definition of a retailer contained in the same section which includes " all persons who sell any of such liquors by the drink and in quantities of less than three gallons at any one time to any person or persons."

We will not now enter upon an inquiry as to what the legislature meant by the term " original sealed trade packages." It is not necessary to determine whether a single bottle of beer sealed by the manufacturer with the usual tin cap is or is not an original sealed trade package.

In any event, respondent, according to the terms of the statute, must sell such packages "at wholesale." Webster defines the word "wholesale" as follows:

"Pertaining to, or engaged in, trade by the piece or large quantity; selling to retailers or jobbers rather than to consumers."

The Century Dictionary defines the word:

"Sale of goods by the piece or in large quantities, as distinguished from retail; in mass, in the gross, in great quantities, buying or selling by the piece or large quantities."

The statute definition with the proviso added makes it clear that a wholesaler may not lawfully sell in quantities of less than three gallons. Of course, if a single pint bottle of beer may be sold by a wholesaler, a single drink of whisky contained in a bottle provided and "sealed" by the manufacturer may likewise be so sold. Thus the wholesaler would be enabled to carry on the business of a retailer except that the liquors sold by him would be consumed off the premises. It is difficult to treat such a proposition seriously.

The conviction is affirmed, and the court below is directed to proceed to judgment.

MOORE, C. J., and STEERE, McALVAY, STONE, OSTRANDER, and BIRD, JJ., concurred. BLAIR, J., did not sit.