PEOPLE v. BLOM.

1. MUNICIPAL CORPORATIONS — INTOXICATING LIQUORS — CITIES — POWER TO REGULATE LIQUOR TRAFFIC—HOLLAND CHARTER.
    Under the charter of the city of Holland, conferring power to prohibit and suppress ale, beer and porter houses and other similar places of business, to require Sunday closing and limit the hours of business and to regulate and license hotels, saloons, restaurants, etc., the council must exercise its authority subject to the general law of the State. Exclusive power to control such traffic within the corporate limits remains in the State unless it be expressly delegated by the charter.

2. INTOXICATING LIQUORS—MUNICIPAL CORPORATIONS.
    Authority conferred by the legislature to enact municipal ordinances in regulation of the liquor traffic, unless the authority is expressly declared to be exclusive, does not repeal or supersede the general laws of the State upon that subject, but is to be exercised in conformity there-with.[1]

3. SAME—STATUTORY CONSTRUCTION—MUNICIPAL CORPORATIONS.
    Where there is doubt about the existence of power to pass

[1] On the general question of the power of the legislature to permit sales of intoxicating liquors, see note in 14 L. R. A. (N. S.) 172.

an ordinance suspending the general law, such doubt should be resolved against the existence of the power.

4. SAME.

The sale of intoxicating liquors in less than wholesale quantities, as provided in the general law, by a wholesale liquor dealer, in the city of Holland is illegal, although the transaction is permissible under the ordinances of the city.

Error to Ottawa; Cross, J. Submitted November 10, 1913. (Docket No. 171.) Decided January 5, 1914.

William Blom was convicted of selling intoxicating liquors illegally. Affirmed.

*Louis H. Osterhous,* for the people.

*Visscher & Robinson (Sheridan F. Master,* of counsel), for respondent.

KUHN, J. The charter of the city of Holland, granted by the legislature in 1893, provides as follows:

"TITLE VII.
"GENERAL POWERS OF THE CORPORATION.

"SECTION 1, subd. 7. To prohibit and suppress ale, beer and porter houses, and all places of resort for tippling and intemperance, and to punish the keepers thereof, and all persons assisting in carrying on the business thereof; and to require all such places to be closed on the Sabbath day, and upon such other days and during such hours of every night as the council shall prescribe.

"Subd. 8. To prohibit and prevent the selling or giving of any spirituous, fermented or intoxicating liquors, and to punish any person so selling or giving. * * *

"Subd. 14. To regulate and license all taverns, hotels and houses of public entertainment; all saloons, restaurants and eating houses, and all places where tobacco, cigars and any beverages are kept for sale; and to prescribe, regulate, restrict and designate the location thereof."

On April 20, 1910, the council of the city of Holland, acting under the authority delegated to it by its charter, passed an ordinance regulating the liquor traffic ·in that city, and, among other provisions, the ordinance contained the following:

"Sec. 7. No person, firm or corporation, doing business under a license granted under the provisions of this ordinance shall, by himself, his servant, agent or employee, sell or furnish any intoxicating liquors to any person or persons, in quantities less than as follows, to wit: No beer to be sold or furnished in quantities of less than six quarts or one dozen pint bottles to a person or persons at one time, and the sale to be entirely consummated by a purchase and 'complete delivery and removal from the place of sale of the said beer, in one quantity and one delivery. No whisky or other intoxicating liquor, other than beer, to be sold or furnished in quantities of less than one pint at one time to a person or persons, and the sale to be entirely consummated by a purchase and complete delivery and removal from the place of sale of the said liquors, in one quantity and one delivery."

The respondent, on February 4, 1913, was engaged in business as a wholesale liquor dealer in the city of Holland, having made his application and taken the necessary steps to entitle him to a license—which he received—to engage in that business, according to the State law. On February 4, 1913, respondent sold liquors in violation of the State law, having sold whisky in a quantity less than three gallons, to wit, one pint (*People* v. *Cain*, 171 Mich. 279 [137 N. W. 159]), which quantity was duly authorized and permitted by the ordinance above referred to.

The meritorious question raised on this appeal is stated by appellant as follows:

"Respondent insisted that, having brought himself within the law by selling in a quantity prescribed by said ordinance, and by fully complying with all of the regulations adopted by the municipal corporation, he is not amenable to the 'general' law, nor punish-

able for acts which, without the protection afforded by said ordinance, would be violations of the statute."

The question, therefore, is, Did the legislature, by granting to the city of Holland the powers set forth in its charter, intend to confer, and did they confer, upon the city the sole and exclusive right to regulate the liquor traffic within its limits, if it saw fit so to do? It is contended by respondent's counsel that the delegation of power in the charter suspends the general law when that power is exercised by the city, and that the State law is only superseded to the extent that the ordinance is inconsistent with the general law. A study of the legislation on the subject shows that it is not in harmony with the system of legislation enacted in this State to grant the *exclusive* right to cities, towns, and villages to license and control the sale of liquors within their corporate limits. Therefore, before we can assume that such a power was granted by the legislature, the language of the charter must be clear to that effect, and susceptible of no other reasonable construction. Where there is doubt about the existence of power to pass an ordinance suspending the general law, under a familiar rule, such doubt should be resolved against the existence of the power. *Timm* v. *Common Council,* 149 Mich. 323 (112 N. W. 942). The provisions of the charter do not *"in hæc verba"* grant exclusive power. It is urged, however, that the power to either "regulate and license" or "prohibit and prevent" includes and contemplates the entire and exclusive control of the subject of the grant. Repeals by implication are not favored. See *Moore* v. *Kelley,* 136 Mich. 139 (98 N. W. 989), and cases cited therein; *Lake* v. *Village of Cedar Springs,* 162 Mich. 569 (127 N. W. 690). The rule which we think should be applicable has been stated as follows:

"A legislative grant of authority to a municipal

corporation to enact ordinances in relation to the liquor traffic, unless explicitly made exclusive, does not repeal or supersede the general laws of the State on the same subject, but must be exercised in conformity therewith." 23 Cyc. p. 72.

A reasonable construction of the language of the charter seems to us to be that the legislature did not intend to relinquish the right of the State to control, but rather to give the city power to further regulate, to impose additional restrictions, and, if found necessary, to prohibit to meet local conditions as they might arise. The purpose of such a delegation of authority has been well stated in the case of *Evans* v. *City of Redwood Falls*, 103 Minn. 314, 318 (115 N. W. 200), as follows:

"A certain standard of regulation is fixed by the general statute, and the statutory regulations to preserve this standard are operative throughout the State, regardless of local rules and regulations. Any local charters or ordinances which assume to lower this standard of regulation are inconsistent with the general law and void. The statute fixes the minimum degree of regulation which may be imposed in any locality. More stringent rules may, however, be adopted under the legislative authority contained in municipal charters, and so long as they embody the substance of the general law, and merely add thereto the further regulations required by local conditions they will be sustained."

See, also, *City of Pekin* v. *Smelzel*, 21 Ill. 464 (74 Am. Dec. 105) ; *State* v. *Lee*, 29 Minn. 445 (13 N. W. 913) ; *State* v. *Robinson*, 101 Minn. 277 (112 N. W. 269, 20 L. R. A. [N. S.] 1127) ; *Territory* v. *Webster*, 5 Dak. 351 (40 N. W. 535) ; *Paton* v. *People*, 1 Colo. 77 ; *Gardner* v. *People*, 20 Ill. 430.

The motion to quash the information was properly denied; the conviction of the respondent is affirmed, and the trial court is ordered to proceed to judgment.

MCALVAY, C. J., and BROOKE, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.